**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALCOMB GARRETT,

                Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign corporation, and
GILA LLC,
a Texas limited liability company d/b/a
MUNICIPAL SERVICES BUREAU,
a foreign corporation,

                Defendants.

Case No. 2:11-cv-12523
Hon. Lawrence P. Zatkoff
Mag. Mark A. Randon

_____

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

      Defendant Experian Information Solutions, Inc. hereby moves this Court pursuant to

FRCP 56 to grant summary disposition in favor of Experian and dismiss Count IV of Plaintiff's

First Amended Complaint for the reasons set forth in detail in its accompanying brief in support.

As required by LR 7.1(a), counsel for Defendant has requested concurrence to this motion which

has been denied.

                FRANK HARON WEINER

                By:       _____/s/ Tamara E. Fraser_____
                        Tamara E. Fraser (P51997)
                        Attorneys for Defendant Experian Information
                         Solutions, Inc.
                        5435 Corporate Drive, Suite 225
                        Troy, Michigan 48098-2624
                        248-952-0400

DATED: April 2, 2012           tfraser@fhwnlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALCOMB GARRETT,

|  |  |
|---|---|
| Plaintiff, | Case No. 2:11-cv-12523 |
|  | Hon. Lawrence P. Zatkoff |
| v. | Mag. Mark A. Randon |

EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign corporation, and
GILA LLC,
a Texas limited liability company d/b/a
MUNICIPAL SERVICES BUREAU,
a foreign corporation,

       Defendants.

_____

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... iii

CONCISE STATEMENT OF ISSUES PRESENTED................................................. iv

CONTROLLING AUTHORITY ................................................................................. v

INTRODUCTION ...................................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 1

    Plaintiff's April 2011 Dispute................................................................................ 1
    Experian's Response to Plaintiff's Dispute ........................................................... 3

ARGUMENT .............................................................................................................. 5

    Standard of Review................................................................................................. 5
    Count IV - Willful Noncompliance ....................................................................... 5
    Experian's Reinvestigation .................................................................................... 7
    "Disputed".............................................................................................................. 8

CONCLUSION........................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Anderson v Liberty Lobby, Inc.*, 477 U.S 242, 248 (1986) ............................................................ 5

*Birmingham v Experian Information Solutions, Inc.*, 633 F3d 1006 (10th Cir. 2011) .................... 6

*Davis v Equifax Information Services*, 346 F Wupp2d 1164 (N.D. Ala, 2004) ............................ 8

*Dickens v Trans Union Corp*, 18 Fed Appx 315 (6th Cir. 2001) .................................................... 8

*Lee v Experian Information Solutions*, 2003 WL 22287351 (N.D. Ill 2003) ................................ 8

*Quinn v Experian Soluions*, 2004 WL 609357 (N.D. Ill 2004) .................................................... 8

*Safeco Ins. Co. of Am. v Burr*, 551 U.S. 47, 57-58, 127 SCt 2201 (2007) ................................ v, 6

## Statutes

15 U.S.C. §1681i(a)(6)(b) ............................................................................................................ 8

15 U.S.C. §1681o ........................................................................................................................ 1

15 U.S.C. 1681 *et seq* ................................................................................................................ 1

15 U.S.C. 1681n .................................................................................................................... 1, 5

15 U.S.C. 1691n ........................................................................................................................ 5

## Rules

FRCP 56(c) .............................................................................................................................. 5

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.  There is no evidence to support Plaintiff's claim that Experian's actions were in willful violation of the FCRA and, therefore, Count IV of Plaintiff's Complaint must be dismissed.

## <u>CONTROLLING AUTHORITY</u>

*Safeco Ins. Co. of Am. v Burr*, 551 U.S. 47, 57-58, 127 SCt 2201 (2007).

**INTRODUCTION**

In his First Amended Complaint, Plaintiff contended that Experian, a credit reporting agency, violated the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.  Plaintiff alleged that Experian both negligently and willfully violated its duties relative to its reinvestigation into two tradelines reported by Gila, LLC under its d/b/a, Municipal Services Bureau. Plaintiff claimed that he provided sufficient information with his April 2011 dispute letter to warrant Experian's deletion of both disputed tradelines at that time.

Plaintiff's two claims against Experian were pled as Counts III and Count IV.  Recently Plaintiff agreed to dismiss Count III of his First Amended Complaint, thereby disposing of his negligent noncompliance claim brought under 15 U.S.C. §1681o, leaving only his willful noncompliance claim under 15 U.S.C. 1681n.

**STATEMENT OF FACTS**

**Plaintiff's April 2011 Dispute**

On April 14, 2011, Plaintiff's counsel sent a letter to Experian disputing two Municipal Services Bureau ("MSB") tradelines which were reporting on Plaintiff's Experian credit report. (Exhibit 1).  One MSB tradeline was for $305.00 and the other for $85.00.  Plaintiff's counsel contended that both MSB amounts were for tickets assessed during 2007-2009 against real estate in the City of Detroit which Plaintiff had sold in 2005.  Enclosed with the dispute letter was a copy of a Quit Claim Deed from August of 2005 for real estate located at 9417 Nottingham in the City of Detroit.  (Exhibit 2).  The deed reflected a sale from Plaintiff and his wife to Vincent Bradford and is stamped with a recording date of September 14, 2005.  Also enclosed with the dispute letter were three separate documents from MSB, each entitled "Response to Written

1

Inquiry" and addressed to Plaintiff.  All three MSB documents were dated March 22, 2011 and appeared similar in nature, but each represented a separate amount owing that had been assessed by the City of Detroit.  It is important to note that none of the three MSB documents that were submitted by Plaintiff reflect a property address to which the tickets pertained.

The first of these MSB documents reflects an amount due of $305.00 for "Failure to obtain certificate of registration for rental property" with an apparent infraction date of October 19, 2009.  It contains a reference number of IW1619 and an account number of 9629283DAM. (Exhibit 3).[1]

The second of these MSB documents reflects an amount due of $1,025.00 for three different property infractions with dates all in 2007.  It contains a reference number of HE3326 and an account number of 67904653DAH.  (Exhibit 4).

The third of these MSB documents reflects an amount due of $85.00 for "Excessive weeds or plant growth" with an apparent infraction date of July 21, 2009.  It contains a reference number of IW1620 and an account number of 0903392DAH.  (Exhibit 5).

Given that Plaintiff's April 2011 dispute letter pertained to MSB account balances of $85.00 and $305.00, it would appear that the disputed tradelines related to the first and the last of the MSB documents submitted.  In other words, the MSB letter relating to the account balance of $1,025.00 was not being disputed by the Plaintiff at that time even though that MSB document was attached to Plaintiff's dispute letter.  A review of Plaintiff's April 5, 2011 Experian consumer disclosure reflects that only the $85.00 and $305.00 MSB accounts were reporting in April of 2011, which would explain why only those two accounts were being disputed.  (Exhibit 6).

---

[1] The exact account and reference numbers on these MSB documents are difficult to read on the photocopies and, therefore, might not be accurately reflected.

2

Interestingly, a review of Plaintiff's April 5, 2011 Experian consumer disclosure further reflects that the account number reported to Experian for the $305.00 account was #9438808 and the account number for the $85.00 account was #9438809.  Neither of these account numbers being reported to Experian by the creditor are reflected on the MSB documents that were submitted by Plaintiff with his dispute.  The account numbers were entirely different.

### Experian's Response to Plaintiff's Dispute

Experian received Plaintiff's dispute on April 20, 2011.  After reviewing it and the exhibits enclosed therein, an Experian agent determined that Experian was unable to delete the MSB tradelines based upon the information provided with the dispute.  The agent sent correspondence to the plaintiff on April 27, 2011 indicating this and telling the plaintiff that Experian would be verifying the information it was reporting with the source who was providing that information to Experian.  (Exhibit 7).  The agent also sent two ACDVs (Automated Consumer Dispute Verification forms) to Gila, LLC, the reporting source for the MSB tradelines. Exhibit 8 is the ACDV relative to account 9438809 for $85.00.  Exhibit 9 is the ACDV relative to account 9438808 for $305.00.  On both ACDVs Experian provided a "Dispute Code" of "Consumer states inaccurate information.  Provide or confirm complete ID and account information."  Experian further provided the following free-form text on both ACDVs:

**PROPERTY SOLD IN 2005 TICKETS FROM 2007 THRU 2009 SENT QUIT CLAIM DEED FILED SEPTEMBER 14 2005**

As reflected on the ACDVs, Gila responded to the ACDVs by verifying the $85.00 tradeline as accurate, but directed Experian to delete the $305.00 tradeline.  As a result of Gila's responses, Experian deleted the $305.00 tradeline and retained the $85.00 tradeline.  The reinvestigation results were mailed to the Plaintiff by Experian on May 13, 2011.  (Exhibit 10).

3

On June 17, 2011, Plaintiff filed this lawsuit against Gila and Experian.  On June 30, 2011, Experian received an AUD (Automated Universal Data form) from Gila, directing Experian to delete the $85.00 tradeline.  (Exhibit 11).  Experian immediately processed the AUD and the $85.00 tradeline was removed from Plaintiff's file.

# ARGUMENT

## Standard of Review

It is well established law that a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.  FRCP 56(c).  For summary judgment purposes, a fact is "material" if it might affect the outcome of the suit under the governing law where an issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v Liberty Lobby, Inc*., 477 U.S 242, 248 (1986).  The operative question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*.  at 251-251.

Defendant contends that the undisputed facts of this case warrant that summary judgment be granted to Experian on Plaintiff's remaining count of willful noncompliance under the FCRA.  15 U.S.C. 1691n.

## Count IV - Willful Noncompliance

Count IV of Plaintiff's Complaint alleges that Experian willfully violated the FCRA pursuant to 15 U.S.C. 1681n which states in relevant part:

> (a)      Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of –

> (1)      (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

> (2)      such amount of punitive damages as the court may allow; and

       (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

A willful violation of the FCRA is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA. *Birmingham v Experian Information Solutions, Inc*., 633 F3d 1006 (10th Cir. 2011) *citing Safeco Ins. Co. of Am. v Burr*, 551 U.S. 47, 57-58, 127 SCt 2201 (2007). Recklessness is measured by "an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. A company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. *Id*.

In an effort to understand what conduct Plaintiff was contending was a willful violation of the FCRA, Experian submitted the following Interrogatory to Plaintiff and received the following response:

      **INTERROGATORY NO. 8**

      Please detail all evidence that you intend to rely on to support your contention that Experian's alleged violation of the FCRA was willful.

      <u>**ANSWER:**</u>

      See answers to the above interrogatories. Despite having received Plaintiff's dispute letter dated April 14, 2011 regarding two Municipal Service Bureaus accounts, Experian kept one of these accounts on Plaintiff's credit report without placing the word "disputed" on Plaintiff's credit report. Experian should have known that if one of the Municipal Services Bureau accounts were deleted, the other one should have been too since the nature of the dispute regarding both accounts involved the fact that Plaintiff did

> not own the property when the tickets of the alleged debts were
> issued.  (Exhibit 12).

From Plaintiff's answer to Interrogatory No. 8, it would appear that Plaintiff is relying on two actions to support his claim for willful noncompliance.  First, that Experian relied upon the ACDV responses of creditor Gila.  Second, that Experian failed to place the word "disputed" on the MSB account that was retained after the investigation.

### Experian's Reinvestigation

Experian's reinvestigation into the MSB accounts simply does not demonstrate that Experian intentionally or recklessly disregarded its duty to reinvestigate under the FCRA.  To the contrary, Experian's reinvestigation process relative to the plaintiff's MSB disputes was reasonable and proper.  It is undisputed that the MSB documents included with Plaintiff's April 2011 dispute did not reflect to what address they related.  There was nothing showing that the tickets were assessed against the 9417 Nottingham property reflected in the Quit Claim Deed.  Even if they had reflected the 9417 Nottingham address, who is to say the property was not transferred back to the plaintiff at some point before the tickets were issued?  The bottom line is that the information presented with Plaintiff's dispute, in and of itself, did not provide an independent basis for Experian to unilaterally delete the tradelines.  The paperwork was not self evident of anything and, therefore, Experian's agent could not take action solely based upon the information supplied by the plaintiff.

As such, the agent issued ACDVs to the reporting source to verify whether the tradelines were reporting accurately and verify whether the information should be retained.  The plaintiff admitted during his deposition that the content of the ACDVs accurately reflected the disputes which were made by Plaintiff in April of 2011.  (Exhibit 13, Plaintiff dep, 36-37).  There is

7

simply no basis for Plaintiff to contend that Plaintiff's disputes were handled in a manner which rises to the level of reflecting a willful noncompliance with the FCRA. Experian had a duty to conduct a reinvestigation upon receipt of Plaintiff's dispute letter and it did so. In fact, the practice of using ACDVs in the reinvestigation process has been found to be reasonable as a matter in law by several different courts.[2] If such practice has been found be reasonable, surely Experian's use of ACDVs in this instance cannot rise to the level of constituting a "willful" violation of its duty to reinvestigate.

### "Disputed"

Further, there is no duty within the FCRA for credit reporting agencies to place the word "disputed" on a tradeline which is disputed by a consumer but ultimately retained. 15 U.S.C. §1681i of the FCRA outlines the procedures to be used in cases of disputed accuracy and is wholly void of such a requirement. Rather, subsection (a)(6)(b) of 15 U.S.C. §1681i states as follows:

> **Statement of Dispute**. – If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting for the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute.

When Plaintiff was questioned during his deposition as to whether he ever requested that Experian add such a Statement of Dispute to the remaining MSB tradeline after the April 2011 reinvestigation, he testified that he did not. (Plaintiff dep, Exhibit 13, p. 41). How can Experian willfully fail to add a consumer statement that Plaintiff never requested be added and which

---

[2] *Lee v Experian Information Solutions*, 2003 WL 22287351 (N.D. Ill 2003); *Davis v Equifax Information Services*, 346 F Wupp2d 1164 (N.D. Ala, 2004); *Quinn v Experian Solutions*, 2004 WL 609357 (N.D. Ill 2004); *Dickens v Trans Union Corp*, 18 Fed Appx 315 (6th Cir. 2001).

Experian is otherwise not duty bound to add?  It cannot.  Plaintiffs contention simply does not constitute a willful violation of the FCRA.

## CONCLUSION

The facts of this case even in their best light to Plaintiff do not give rise to the level of recklessness required to show that Experian willfully violated the FCRA in its handling of Plaintiff's April 2011 disputes.  In fact, there is nothing reckless at all about Experian's inability to rely on the insufficient information supplied by Plaintiff and its subsequent request for verification via ACDV from the creditor.  Just because Plaintiff is unhappy with the end result of Experian's reinvestigations does not somehow make them "reckless."

Experian requests that the sole remaining claim in Plaintiff's Complaint be summarily dismissed as it is unsustainable as a matter of law.  Experian further requests that this Court award any and all such costs and attorney fees as deemed appropriate by this Court.

FRANK HARON WEINER

By:  _____/s/ Tamara E. Fraser_____
Tamara E. Fraser (P51997)
Attorneys for Defendant Experian Information
 Solutions, Inc.
5435 Corporate Drive, Suite 225
Troy, Michigan 48098-2624
248-952-0400
DATED:  April 2, 2012        tfraser@fhwnlaw.com

9

<u>**CERTIFICATE OF SERVICE**</u>

I, Tamara E. Fraser, hereby certify that on the 2nd day of April, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will automatically send notification of such filing to:

Gary D. Nitzkin, Esq.

Charity A. Olson, Esq.

_____/s/  Tamara E. Fraser_____
Tamara E. Fraser (P51997)
Frank Haron Weiner
Attorneys for Defendant Experian Information
 Solutions, Inc.
5435 Corporate Drive, Suite 225
Troy, Michigan  48098
(248) 952-0400
tfraser@fhwnlaw.com

10